# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 7, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CONSTELLIUM ROLLED PRODUCTS
RAVENSWOOD, LLC,**
**Employer Below, Petitioner**

**vs.)    No. 13-0447** (BOR Appeal No. 2047721)
                     (Claim No. 2007211879)

**STEPHEN M. AKERS,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Constellium Rolled Products Ravenswood, LLC, by, James W. Heslep its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated March 22, 2013, in which the Board affirmed a September 12, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 18, 2011, decision to deny Stephen M. Akers's request to reopen his claim for temporary total disability benefits and remanded the case with instructions to issue an order regarding whether Mr. Akers has shown a prima facie cause of a progression or aggravation of the compensable condition or some other fact or facts which were not previously considered which would entitle Mr. Akers to a reopening of temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Akers was working for Constellium Rolled Products Ravenswood, LLC, on April 12, 2006, when he injured his lower back. Mr. Akers subsequently filed for workers' compensation benefits on August 30, 2007. Mr. Akers's claim was eventually closed for temporary total

1

disability on December 19, 2006. Mr. Akers then filed to reopen his claim for temporary total disability benefits on August 30, 2007, seeking benefits from August 30, 2007, through October 3, 2007. His application was reopened for temporary total disability benefits on September 21, 2007. The benefits ran until December 10, 2007, when the claim was closed again for temporary total disability benefits. Thereafter, Mr. Akers filed a second request to open his claim for further temporary total disability benefits on July 31, 2009, seeking benefits from July 31, 2009, through October 31, 2009. His request was granted on August 4, 2009, and the benefits ran until November 10, 2009, when the claim was closed again. Finally, on August 18, 2011, Mr. Akers filed a third reopening request to reopen his claim related to his April 12, 2006, injury. The claims administrator denied Mr. Akers's third reopening request for temporary total disability benefits stating that West Virginia Code § 23-4-16 (2005), limits Mr. Akers to two reopening requests related to temporary total disability benefits. West Virginia Code § 23-4-16(a)(1), provides the following:

> [I]n any claim which was closed without the entry of an order regarding the degree, if any, of permanent disability that a claimant has suffered, or in any case in which no award has been made, any request must be made within five years of the closure. During that time period, only two requests may be filed.

Mr. Akers protested this decision.

The Office of Judges concluded that the limiting language of West Virginia Code § 23-4-16(a)(1)-(2), does not apply to reopenings for temporary total disability benefits. West Virginia Code § 23-4-16(a)(1)-(2), provides that:

> (1) Except as provided in section twenty-two of this article, in any claim which was closed without the entry of an order regarding the degree, if any, of permanent disability that a claimant has suffered, or in any case in which no award has been made, any request must be made within five years of the closure. During that time period, only two requests may be filed.
>
> (2) Except as stated below, in any claim in which an award of permanent disability was made, any request must be made within five years of the date of the initial award. During that time period, only two requests may be filed. With regard to those occupational diseases, including occupational pneumoconiosis, which are medically recognized as progressive in nature, if any such request is granted by the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, a new five-year period begins upon the date of the subsequent award. With the advice of the Health Care Advisory Panel, the executive director and the board of managers shall by rule

2

designate those progressive diseases which are customarily the subject of claims.

The Office of Judges determined that West Virginia Code § 23-4-16(b), was the only limitation that applied to temporary total disability. West Virginia Code § 23-4-16(b) provides the following:

> In any claim in which an injured employee makes application for a further period of temporary total disability, if the application is in writing and filed within the applicable time limit stated above, the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, shall pass upon the request within thirty days of the receipt of the request. If the decision is to grant the request, the order shall provide for the receipt of temporary total disability benefits. In any case in which an injured employee makes application for a further award of permanent partial disability benefits or for an award of permanent total disability benefits, if the application is in writing and filed within the applicable time limit as stated above, the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, shall pass upon the request within thirty days of its receipt and, if the commission determines that the claimant may be entitled to an award, the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, shall refer the claimant for further examinations that are necessary.

The Board of Review affirmed the decision of the Office of Judges but did not adopt its reasoning. The Board of Review relied upon the West Virginia Office of the Insurance Commissioner's *Informational Letter No. 164* (Oct. 2008). In the 2008 letter, the West Virginia Office of the Insurance Commissioner adopted the interpretation that the number of times a claimant can petition for additional temporary total disability benefits is not limited.

We agree with the conclusion of the Office of Judges and the Board of Review. Mr. Akers's request to reopen his claim for temporary total disability benefits is not barred by West Virginia Code § 23-4-16(a). The Office of Judges properly remanded the case to the claims administrator for further consideration of Mr. Akers's request.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum